SAME CASE——MOTION.

Supreme Court—Motion to be Made Party—Judgment—Reformation.—After an appeal from the judgment of the Superior Court has been heard and determined by the Supreme Court, a party to the cause cannot maintain a motion in the latter Court to correct the judgment of the Court below, so as to make it declare that an assignment of his interest therein to an attorney of record was subject to the payment of a sum of money, and had not passed from him, when it is admitted of record in the appeal that such assignment had been made, and no exception was taken in the Superior Court.

MOTION to make additional party defendant and to reform the judgment of the Superior Court, heard in the Supreme Court.

*M. L. John* for the motion, with *Stevens, Beasley & Weeks.*
*F. R. Cooper* and *A. C. Davis, contra.*

BROWN, J. Since the opinion of this Court was handed down in these appeals, Howard Peden moves the Court permit him to be made a party defendant and to reform the judgment of the Superior Court; which has been affirmed, so that the judgment will declare that the distributive share of Howard Peden, as set down in the record, is subject to a payment of $1,000 by A. C. Davis, attorney for the United States Fidelity and Guaranty Company, and that said distributive share is the property of said Peden, and not of said Davis.

We see no merit in this motion. Howard Peden is a defendant in this action and W. M. Peden a plaintiff. It is stated in the record that "It is admitted that A. C. Davis is the owner by assignment of the claims and demands of Howard Peden and W. M. Peden against W. A. Johnson, administrator in this action; and the defendants move that said A. C. Davis be made a party defendant and allowed to file an answer setting up his rights."

The referees undertook to allow a nonsuit as to W. M. Peden and a *nol. pros.* as to the defendant Howard Peden, and refused to allow Davis to be made a party. As it is an action for the settlement of an estate, the action of the referees was erroneous and his Honor very properly reversed their ruling. Davis was brought in and set up and established his claim to the ownership of the distributive shares of the two above-named Pedens. Howard Peden admitted in his testimony that the assignment was made to Davis individually. If he desired to contest the assignment of it to Davis, he should have done so before the referees or the Superior Court, when he had an opportunity. He took no exception to the ruling or judgment of the Superior Court, and he is now bound by its action. He voluntarily assigned his share to Davis and permitted him to come in and take his place. It is now too late for either of the two Pedens to complain.

Motion Denied.